[Cite as *State v. Schaufele*, 2012-Ohio-642.]

STATE OF OHIO              )           IN THE COURT OF APPEALS
                          )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA          )

STATE OF OHIO                          C.A. No.      10CA0137-M

    Appellee

    v.                                 APPEAL FROM JUDGMENT
                                       ENTERED IN THE
TIFFANY L. SCHAUFELE                   COURT OF COMMON PLEAS
                                       COUNTY OF MEDINA, OHIO
    Appellant                          CASE No.      10-CR-0227

DECISION AND JOURNAL ENTRY

Dated: February 21, 2012

BELFANCE, Presiding Judge.

{¶1}    Defendant-Appellant Tiffany Schaufele appeals from her conviction in the Medina County Court of Common Pleas.  For the reasons set forth below, we reverse.

I.

{¶2}    Ms. Schaufele suffers from rheumatoid arthritis and has been treated by Dr. Marie Kuchynski for that condition since approximately 2003 or 2004.  Dr. Kuchynski treated Ms. Schaufele with anti-inflammatory drugs as well as narcotics, including Percocet. Ms. Schaufele became concerned that she was becoming addicted to Percocet and asked Dr. Kuchynski if she could prescribe her Suboxone, which is a drug used to block the effects of opioids and thus can help people combat addictions to drugs like Percocet.  Dr. Kuchynski informed Ms. Schaufele that she could not prescribe her Suboxone, but gave her the names of two pain management specialists with whom she could discuss her concerns.

{¶3} Ms. Schaufele instead opted to see a different pain management specialist, Dr. Sami Moufawad. She initially met with Dr. Moufawad on April 30, 2009. Dr. Moufawad was aware that Ms. Schaufele was seeing Dr. Kuchynski and mailed Dr. Kuchynski a letter detailing his visit with Ms. Schaufele. For reasons unknown, Dr. Kuchynski did not receive that letter. Dr. Moufawad prescribed Suboxone to Ms. Schaufele and informed her that she cannot "ask other physician[s] for [P]ercocets or prescription narcotics." Between April 30, 2009, and June 19, 2009, Ms. Schaufele did not see or speak to Dr. Kuchynski. On June 19, 2009, Ms. Schaufele obtained a prescription from Dr. Kuchynski for Percocet.

{¶4} Ms. Schaufele saw Dr. Moufawad again in September 2009. During subsequent visits, Dr. Moufawad became aware that Ms. Schaufele was receiving oxycodone and other prescription medication from Dr. Kuchynski. Thereafter, authorities began investigating Ms. Schaufele.

{¶5} On May 19, 2010, Ms. Schaufele was indicted for violating R.C. 2925.22(A). The indictment specified that:

> on or about the 19th through 21st days of June * * * [Ms. Schaufele] unlawfully did knowingly, by deception, as defined in Section 2913.01 of the Revised Code, procure the administration of, a prescription for, or the dispensing of Oxycodone, Schedule II, controlled substance * * * in violation of Section 2925.22(A) of the Ohio Revised Code, a felony of the fourth degree * * * .

{¶6} The matter proceeded to a bench trial and the trial court found Ms. Schaufele guilty. Ms. Schaufele was sentenced to two years community control. Ms. Schaufele has appealed, raising three assignments of error for our review.

3

## II.

### ASSIGNMENT OF ERROR I

THE COURT ERRED BY FAILING TO GRANT DEFENDANT'S CRIMINAL RULE 29 MOTIONS AS THE VERDICT WAS UNSUPPORTED BY SUFFICIENT EVIDENCE.

{¶7} Ms. Schaufele asserts in her first assignment of error that the trial court erred in denying her Crim.R. 29 motion because her conviction was supported by insufficient evidence.

{¶8} "'A review of a Crim.R. 29 motion is a review of the sufficiency of the evidence.'" *State v. Wesemann,* 9th Dist. No. 25908, 2012-Ohio-247, ¶ 10, quoting *State v. Morris*, 9th Dist. No. 25519, 2011-Ohio-6594, ¶ 12; *see also State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶7. In determining whether the evidence presented was sufficient to sustain a conviction, this Court reviews the evidence in a light most favorable to the prosecution. *State v. Jenks,* 61 Ohio St.3d 259, 274 (1991). Furthermore:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶9} R.C. 2925.22(A) provides that "[n]o person, by deception, shall procure the administration of, a prescription for, or the dispensing of, a dangerous drug or shall possess an uncompleted preprinted prescription blank used for writing a prescription for a dangerous drug." R.C. 2913.01(A) defines deception as:

> knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates,

confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). R.C. 2925.22(B)(2)(a) states that:

> [w]hoever violates this section is guilty of deception to obtain a dangerous drug. The penalty for the offense shall be determined as follows:
>
> * * *
>
> (2) If the drug involved is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, the penalty for deception to obtain drugs is one of the following:
>
> Except as otherwise provided in division (B)(2)(b), (c), or (d) of this section, it is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

Oxycodone is a schedule II substance. R.C. 3719.41(A)(1)(n). We note that the majority of the transcript refers to Percocet; Percocet is not listed on any schedule and the State presented no testimony that Percocet and Oxycodone are related compounds. Although the State presented both a doctor and a Medway agent as witnesses, the State failed to clearly establish this basic fact when it questioned these witnesses. Nonetheless, we determine it is unnecessary to resolve this quandary as the evidence presented is insufficient for other reasons.

{¶10} Ms. Schaufele's main contention is that "[t]here is no evidence presented as to deception as to the June 19[,] 2009 prescription." We agree.

{¶11} Dr. Kuchynski saw Ms. Schaufele on April 20, 2009. Ms. Schaufele was not to follow up with Dr. Kuchynski until three months later. While there was testimony that when a patient has an office visit, that person is asked about the medications he or she is taking, there was no testimony that the same questioning occurs when a person refills medication by phone.

Dr. Kuchynski stated that in between the three-month visits, patients "just can call to get their prescriptions[,]" as patients are only given one month supplies of the medications. Dr. Kuchynski further testified that Ms. Schaufele would have called into to get her June 19, 2009 prescription. There was no testimony that anyone asked Ms. Schaufele about her medications when Ms. Schaufele called in her refill. In fact, there was no testimony that Ms. Schaufele actually spoke with anyone when she called in to refill her prescription for Percocet. Dr. Kuchynski testified that between April 20, 2009 and July 2009 she did not see or speak to Ms. Schaufele. Dr. Kuchynski stated that Ms. Schaufele would have had the occasion to tell her about her visits with Dr. Moufawad "[w]hen she comes for an appointment and we – and she's being triaged and reviewing the medication list, that's the opportunity to state that she was on the medication [Suboxone]." However, Ms. Schaufele did not have an office visit with Dr. Kuchynski between the period Ms. Schaufele started seeing Dr. Moufawad on April 30, 2009, and when Ms. Schaufele refilled the prescription from Dr. Kuchynski on June 19, 2009.

{¶12} Accordingly, the State did not present evidence that Ms. Schaufele, via deception, obtained a prescription for Oxycodone. While deception includes "withholding information" and "omission that creates, confirms, or perpetuates a false impression in another," R.C. 2913.01(A), there was no evidence presented that Ms. Schaufele was faced with an opportunity to disclose information and decided not to do so.

{¶13} The State did present evidence that Ms. Schaufele was aware that she was not to get Percocet from other doctors. However, this evidence, in and of itself, does not substantiate the State's assertion that Ms. Schaufele used deception to obtain the June 19, 2009 prescription. The State failed to inform the trier of fact who, if anyone, Ms. Schaufele spoke to, and then deceived, to obtain the prescription. It is true that the State presented evidence that Ms.

Schaufele withheld information subsequent to June 21, 2009; however, the State did not charge Ms. Schaufele with any crimes stemming from activity following June 21, 2009. Further, Ms. Schaufele's deception in September 2009 could not have caused her to obtain a June 19, 2009 prescription via deception.

{¶14} Thus, in light of the very limited evidence presented by the State, we agree that the trial court erred in denying Ms. Schaufele's Crim.R. 29 motion, as her conviction was based upon insufficient evidence. Ms. Schaufele's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE, OVER DEFENDANT'S OBJECTION, STATE'S EXHIBIT NO. 3, A LETTER PURPORTEDLY FROM DR. MOUFAWAD TO DR. KUCHYNSKI.

{¶15} In light of our resolution of the Ms. Schaufele's first assignment of error, Ms. Schaufele's remaining assignments of error are moot, and we decline to address them. See App.R. 12(A)(1)(c).

III.

{¶16} In light of the foregoing, we sustain Ms. Schaufele's first assignment of error and reverse the judgment of the Medina County Court of Common Pleas.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR

APPEARANCES:

MICHAEL WESTERHAUS, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.